United States District Court
Southern District of Texas
**ENTERED**
January 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARY JANE LEWIS MCCARTNEY NELSON, TRUSTEE OF THE KATHLEEN LEWIS BENEFICIARY PARTNERSHIP, ET AL., | § § § § § § § | |
| Plaintiffs. | § | |
| VS. | § § | CIVIL ACTION NO. 3:20-CV-00159 |
| RLB CONTRACTING, INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before me is the United States' Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See* Dkt. 20. For the reasons discussed below, I **GRANT** the Motion to Dismiss.

### BACKGROUND

Plaintiffs Mary Jane Lewis McCartney Nelson, Trustee of the Kathleen Lewis Beneficiary Partnership; TBD Family, Ltd.; and Rebecca Clarke, Trustee of the Thomas E. Lewis Revocable Trust (collectively, "Plaintiffs"), filed a trespass action against RLB Contracting, Inc. ("RLB") in state court in Brazoria County, Texas. In the lawsuit, Plaintiffs contend that RLB trespassed on their land to construct a containment dike. RLB claims to have been acting under the authority of the United States Army Corps of Engineers ("USACE") in the performance of a contract with the federal government.

On August 6, 2020, soon after the case was removed to federal court, Plaintiffs filed a document titled "Third-Party Complaint" against the USACE. In that filing, Plaintiffs allege that the USACE entered into a contract with RLB and authorized RLB to enter Plaintiffs' property. Plaintiffs assert three claims against the USACE: (1) a trespass claim under the Federal Tort Claims Act ("FTCA"); (2) a takings claim under the Fifth Amendment of the United States Constitution; and (3) a breach of contract claim, seeking to enforce the USACE's contract with RLB on a third-party beneficiary basis.

The USACE has moved to dismiss the claims against it for lack of subject matter jurisdiction on two grounds: (1) Plaintiffs failed to present their trespass claims to the USACE prior to filing this lawsuit as required by the FTCA; and (2) the United States Court of Federal Claims has exclusive jurisdiction over the breach of contract and takings claims.

## STANDARD OF REVIEW

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). District courts may grant a motion to dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the

record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986). "The party or parties asserting jurisdiction . . . have the burden to demonstrate that subject-matter jurisdiction exists." *Palacios v. Dep't of Homeland Sec.*, 434 F. Supp. 3d 500, 505 (S.D. Tex. 2020).

## ANALYSIS

**A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Trespass Claim.**

The sovereign immunity doctrine provides that the United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941). The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quotation omitted). "A suit against the [USACE] for damages is a suit against the United States and is only viable if and to the extent that sovereign immunity has been waived." *Robichaux v. Kirby Inland Marine*, No. 3-12-40, 2012 WL 13169569, at *1 (S.D. Tex. Oct. 24, 2012).

The FTCA waives sovereign immunity for torts "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But that waiver is only triggered where plaintiffs first present an administrative claim to the appropriate federal agency and that claim is denied or

3

the agency fails to respond to the claim within six months. *See id.* § 2675(a). The purpose of this exhaustion requirement is to allow the relevant federal agency an opportunity to investigate the claim and, if appropriate, settle the claim without the need for litigation. *See Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014).

"Even though the requirements of § 2675 are minimal, a[] FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992). A plaintiff's failure to completely exhaust administrative remedies prior to filing a FTCA action is a jurisdictional defect that cannot be cured by administrative exhaustion after a lawsuit is filed. *See McNeil v. United States*, 508 U.S. 106, 112 (1993). As the Supreme Court explained in *McNeil*:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command.

*Id.* (footnote omitted). As a result, the United States retains sovereign immunity against FTCA claims brought by plaintiffs who fail to exhaust their administrative remedies before filing the complaint, and district courts must dismiss those claims for lack of subject matter jurisdiction. *See id.* at 113; *Reynolds v. United States*, 748 F.2d 291, 292–93 (5th Cir. 1984) (noting "the general rule that suits against the

4

government under the FTCA must be filed in strict compliance with its provisions").

Against this legal backdrop, the USACE argues that Plaintiffs' trespass claim should be dismissed for failure to exhaust administrative remedies as required by the FTCA. In response, Plaintiffs make two arguments. First, Plaintiffs insist that they have satisfied the FTCA's administrative exhaustion requirements by notifying the USACE of the nature and scope of the dispute. Second, Plaintiffs aver that the FTCA's exhaustion requirement as set forth in § 2675(a) does not apply to third-party complaints.

Plaintiffs' first argument—that they have properly presented an administrative claim to the appropriate federal agency—conveniently ignores established Supreme Court and Fifth Circuit precedent. To properly present a claim under the FTCA, Plaintiffs must "(1) give[] the [appropriate] agency written notice of [their] claim sufficient to enable the agency to investigate and (2) place[] a value on [their] claim." *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980). Even if Plaintiffs comply with these requirements, they are not permitted to sue the USACE until *after* they have obtained a written denial of the claim or waited six months after filing the administrative claim. *See* 28 U.S.C. § 2675(a). In the instant case, the only written communication Plaintiffs provided to the USACE was an email dated July 2, 2020.[1] *See* Dkt. 21-5 at 2–3. Even assuming, arguendo,

---

[1] In an effort to show that the USACE received notice of the claim, Plaintiffs also point to correspondence between Plaintiffs and RLB, correspondence between the USACE and RLB, and oral communications between Plaintiffs and the USACE. None of these

5

that the July 2, 2020 email did satisfy the FTCA's written notice requirement, USACE never formally denied Plaintiffs' claim and Plaintiffs did not allow the requisite six-month period to elapse before filing suit. Instead, Plaintiffs filed suit against the USACE on August 6, 2020, roughly two months after sending the July 2, 2020 email. Because Plaintiffs filed suit against the USACE prematurely, subject matter jurisdiction is lacking under the FTCA. *See McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit."); *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (affirming dismissal of claim against government for lack of jurisdiction when plaintiffs "did not await the required six month period prior to bringing this action, nor was there the required formal denial"); *Mendoza v. United States*, No. 4:20-cv-154-O, 2020 WL 6737871, at *4 (N.D. Tex. Nov. 17, 2020) (dismissing complaint for failure to exhaust administrative remedies "[w]hen Mendoza filed his federal complaint, less than two months had passed from the date he filed his administrative complaint alleging the same facts as in the complaint"). The fact that six months have now passed from the date Plaintiffs sent the July 2, 2020 email is irrelevant. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("An action that is filed before the expiration of the six-month waiting

---

communications pass muster. Under § 2675(a), Plaintiffs must provide *written* notice of the claim to the appropriate governmental agency. *See* 28 U.S.C. § 2675(a); *Pleasant*, 764 F.3d at 448.

period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed.").

Even though I have determined that Plaintiffs failed to exhaust their administrative remedies before filing suit against the USACE, I must still address Plaintiffs' second argument—that their complaint against the USACE is a "third party complaint" and exempt from the administrative exhaustion requirement of § 2675(a). As noted above, § 2675(a) requires that a claim against the government first be presented to the appropriate federal agency. However, the last sentence of § 2675(a) provides that "[t]he provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a).

Plaintiffs argue that their action against the USACE is a "third party complaint," thus exempting them from the requirement to exhaust administrative remedies prior to filing suit. In making this argument, Plaintiffs overlook the express language of § 2675(a), which provides that the third-party complaint exception only applies to "such claims as may be asserted under the Federal Rules of Civil Procedure." *Id*. Rule 14, which governs third-party practice in the federal courts, provides that a third-party complaint must be brought by a defendant to the original complaint or a defendant to counterclaims brought in response to the complaint. *See* FED. R. CIV. P. 14(a)(1), (b) (rules governing third-party complaints by defendants to an original action and parties, including plaintiffs, defending against counterclaims). "[T]he [§ 2675(a)] exception only applies to third-party

7

actions under Fed. R. Civ. P. 14 seeking indemnity or contribution from the government; it does not apply to . . . third-party claims which are not 'true' Rule 14 impleader actions." *Kodar, LLC v. United States*, 879 F. Supp. 2d 218, 226 (D.R.I. 2012) (quotation omitted).

Plaintiffs' action against the USACE is not a true third-party complaint within the meaning of Rule 14 and § 2675(a). Plaintiffs originally brought this lawsuit seeking affirmative relief. No counterclaims have been asserted to date. Under these facts, Rule 14 does not authorize Plaintiffs to file a third-party complaint against the USACE. Plaintiffs cannot avoid the jurisdictional prerequisite of filing an administrative claim under the FTCA by simply captioning their claims against the USACE as a third-party complaint. The truth is that Plaintiffs' action against the USACE "was not a third-party complaint [filed in accordance with Rule 14] but rather was a direct, in effect original, complaint by" Plaintiffs against the USACE. *Rosario v. Am. Export-Isbrandtsen Lines*, 531 F.2d 1227, 1233 (3d Cir. 1976). As a result, Plaintiffs must exhaust their administrative remedies before suing the USACE in federal court and their failure to do so means this Court has no authority to hear the case.

On numerous occasions, courts across the country have addressed virtually the identical situation present here: original plaintiffs, with no counterclaims pending against them, add the United States as a defendant, and seek to avoid the FTCA's administrative exhaustion requirement by claiming that the action against the United States falls within § 2675(a)'s third-party practice exception. The

8

judicial response has been to soundly reject such efforts. *See West v. United States*, 592 F.2d 487, 491 (8th Cir. 1979) ("an original plaintiff's complaint against a third-party defendant is . . . [n]ot a third-party complaint" under Rule 14); *Rosario*, 531 F.2d at 1233 (holding that an original plaintiff's amended complaint against the United States was a direct action, rather than a third-party complaint falling within the third-party practice exception of § 2675(a)); *Robichaux*, 2012 WL 13169569, at *1 ("As the original Plaintiff in this case, his amended complaint does not fall within the statute's express exemption for claims brought as third-party complaints, crossclaims, or counterclaims."); *Endurance Reinsurance Corp. of Am. v. United States*, No. 2:08-cv-02760-MCE-KJM, 2010 WL 455472, at *2 (E.D. Cal. Feb. 3, 2010) ("When a[n original] plaintiff sues the United States directly, these are not claims asserted by third-party complaint, cross-claim, or counterclaim and therefore, the claims procedure is a prerequisite for district court jurisdiction."); *Carroll v. United States*, 149 F.R.D. 524, 528 (W.D. La. 1993) (holding that an original plaintiff's amended complaint against the United States is not considered a third-party complaint under Rule 14).

These holdings are fully consistent with the purpose of the FTCA's administrative claims procedure. As the Third Circuit stated in *Rosario*:

> To permit [Plaintiffs] to maintain this action against the United States would undermine the important policy in favor of prelitigation administrative review and possible settlements expressed in section 2675(a). [Plaintiffs] would be able to do indirectly that which [they] could clearly not do directly. In addition, the reasons for allowing a third-party plaintiff to institute a complaint against the United States without first filing an administrative claim do not apply in the instant

9

case. In the former instance, the third-party plaintiff is forced into the action by the plaintiff and has no choice but to assert any claims he might have against those who might be responsible for the acts he is charged with in the plaintiff's complaint. In the case at bar, on the other hand, [Plaintiffs] had the choice to claim against whomever [they] wished. Certainly [they] could have filed an administrative claim under the Federal Tort Claims Act against the [USACE] and, at the same time, brought [their] . . . suit against [RLB] with a minimum of hardship. Indeed, [they] may have been able to settle both claims without the need for the extensive litigation that resulted here.

*Rosario*, 531 F.2d at 1233–34.

Plaintiffs rely heavily on *Hassan v. La. Dep't of Transp. & Dev.*, 923 F. Supp. 890 (W.D. La. 1996), arguing that their action against the USACE is exempt from § 2675(a)'s exhaustion requirement as a Rule 14 third-party complaint. Although the facts in *Hassan* are quite similar to the case at bar, the procedural posture in *Hassan* is markedly different. In *Hassan*, the plaintiff filed a trespass action in state court against the Louisiana Department of Transportation and Development and Merrick Construction Company ("Merrick"). *See id.* at 892. In its answer to the lawsuit, Merrick claimed that it merely followed plans and specifications furnished by the USACE pursuant to a written contract. *See id.* Merrick also filed a third-party complaint against the USACE, asserting that any damages were caused by the USACE's "defective plans and specifications and directing Merrick to perform work pursuant to them." *Id.* After removing the case to federal court, the USACE moved to dismiss the third-party complaint for lack of subject matter jurisdiction, arguing that Merrick, the third-party plaintiff, never presented an administrative claim. *See id.* at 892–93. The USACE argued "that the third-party

complaint exemption of section 2675(a) is only available when the third-party complaint is filed in federal district court, not in state court." *Id.* at 893. The district court rejected this argument and held that "Merrick's third-party claim against the [USACE] meets the requirements of Rule 14(a) and thus qualifies for the third-party complaint exemption from the administrative exhaustion requirement of 28 U.S.C. § 2675(a)." *Id.* at 894. This decision does not help Plaintiffs' cause at all. Unlike Merrick, the third-party plaintiff in *Hassan*, Plaintiffs are not defending any claims in this case. As discussed above, Plaintiffs initiated this lawsuit against RLB. Any attempt to add the USACE as a defendant is a direct action, rather than a third-party complaint which "may be asserted under the Federal Rules of Civil Procedure." 28 U.S.C. § 2675(a).

Plaintiffs also argue that it would be patently unfair to impose § 2675(a)'s administrative exhaustion requirement on them because doing so would, effectively, deny them the right to join the USACE as an indispensable party under Rule 19. This argument does not sway me. Had Congress wanted to create an exception to the FTCA's exhaustion requirement for indispensable parties, it could have easily done so. But it did not. Because the FTCA selectively waives the United States' sovereign immunity, the exhaustion requirement must be strictly construed in the government's favor. *See United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). Accordingly, the trespass claim must be dismissed because Plaintiffs failed to comply with the FTCA's administrative exhaustion requirement before bringing suit against the USACE.

**B.     The Court of Federal Claims Possesses Exclusive Jurisdiction over Plaintiffs' Takings and Breach of Contract Claims.**

The USACE also seeks to dismiss Plaintiffs' takings and breach of contract claims on the basis that such claims must be brought in the Court of Federal Claims.

The Tucker Act confers the Court of Federal Claims with jurisdiction over "any claim against the United States founded either upon the Constitution . . . or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). District courts have jurisdiction over such claims (concurrent with the Court of Federal Claims) if claimed damages do not exceed $10,000. *See id.* § 1346(a)(2). Where claimed damages are above $10,000, jurisdiction lies exclusively in the Court of Federal Claims. *See id.* § 1491(a)(1); *Amoco Prod. Co. v. Hodel*, 815 F.2d 353, 358 (5th Cir. 1987). In this case, there is no question that the $10,000 threshold is easily met. To be sure, Plaintiffs' initial pleading seeks "not less than" $6 million in damages. *See* Dkt. 1-2 at 6. This seems like an open-and-shut matter. Given that Plaintiffs seek more than $10,000 in damages, Plaintiffs' takings and breach of contract claims against the USACE fall squarely within the exclusive jurisdiction of the Court of Federal Claims. *See Chichakli v. Szubin*, 546 F.3d 315, 317 (5th Cir. 2008) ("[T]he Tucker Act grants the Court of Federal Claims exclusive jurisdiction over takings claims against the United States that seek monetary damages in excess of $10,000."); *Refaei v. McHugh*, 624 F. App'x 142, 148 (5th Cir. 2015) ("Under the Tucker Act, the Court of Federal Claims has

exclusive jurisdiction over claims sounding in breach of contract against the United States that exceed $10,000.").

Unwilling to throw in the towel without a fight, Plaintiffs maintain that the takings and breach of contract claims have been appropriately brought in federal district court. As far as the takings claim is concerned, Plaintiffs acknowledge that they seek monetary damages, but assert that their request for prospective relief can only be granted by a district court, not the Court of Federal Claims. I do not buy the argument Plaintiffs are selling. There is no question that "a claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance." *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998) (plurality opinion). The Fifth Amendment's Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V. By its very terms, the Takings Clause does not prohibit the federal government from taking privately owned property, but rather requires that any such taking be properly compensated. As a result, "[e]quitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) (footnote omitted). *See also Detroit Int'l Bridge Co. v. Gov't of Can.*, 133 F. Supp. 3d 70, 98 (D.D.C. 2015) ("Because Tucker Act jurisdiction is available in the U.S. Court of Federal Claims, Plaintiffs may not sue for equitable relief in" federal district court.); *Kadi v. Geithner*, 42 F. Supp. 3d 1, 30–31 (D.D.C. 2012) (holding that a

plaintiff cannot escape the exclusive jurisdiction of the Federal Court of Claims by excluding monetary damages from a takings claim because "'just compensation' is the only remedy available for a takings violation"). Moreover, as the Fifth Circuit has held, "a plaintiff cannot avoid Tucker Act jurisdiction simply by characterizing an action as equitable in nature." *Amoco Prod. Co.*, 815 F.2d at 361. Given that Plaintiffs are seeking millions of dollars in damages from the federal government, the Court of Federal Claims has exclusive jurisdiction over Plaintiffs' takings claim, and I have no jurisdiction to entertain this claim.

Turning to the breach of contract claim, Plaintiffs recognize that the Tucker Act gives the Court of Federal Claims jurisdiction over disputes concerning "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). However, Plaintiffs contend that the Court of Federal Claims' jurisdiction extends only to implied-in-fact and not implied-in-law contracts. That might be true, but Plaintiffs' breach of contract theory is based not on an *implied* contract but rather on an *express* contract—the contract between the USACE and RLB. An "express contract" is defined as "[a] contract whose terms the parties have explicitly set out." *Contract*, BLACK'S LAW DICTIONARY (11th ed. 2019). *See also Russell Corp. v. United States*, 537 F.2d 474, 481 (Ct. Cl. 1976) ("For there to be an express contract, the parties must have intended to be bound and must have expressed their intention in a manner capable of understanding."). Plaintiffs claim they are third-party beneficiaries to the USACE-RLB contract and are, thus, entitled to "enforce the binding commitments and agreements made for their benefit." Dkt. 10 at 12.

14

Indeed, Plaintiffs assert that the USACE has failed to comply with "provisions to minimize environmental pollution and damages to the land and provisions to protect improvements and the existing habitat on the land that might occur as a result of the dike construction operations." *Id.* at 11. This third-party beneficiary claim concerns an *express* contract for which the Federal Court of Claims has exclusive jurisdiction. *See* 28 U.S.C. § 1491(a)(1). As the USACE correctly observes: "Plaintiffs cannot now recast their claims as contract rights implied at law." Dkt. 25 at 9.

Although Plaintiffs contend that the Tucker Act does not allow the Court of Federal Claims to exercise jurisdiction over a third-party beneficiary claim, they are unable to point to a single case supporting their position. Putting a dagger in Plaintiffs' argument is the unmistakable fact that federal courts have consistently held that the Court of Federal Claims does have exclusive jurisdiction over breach of contract claims brought against the government by an intended third-party beneficiary. *See, e.g.*, *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999) ("[D]espite lack of privity, we have held that suits may be brought against the government in the Court of Federal Claims by an intended third-party beneficiary."); *Fox Logistics & Constr. Co. v. United States*, 145 Fed. Cl. 236, 239 (2019) (A plaintiff's "status as a third-party beneficiary to a contract with the Government will suffice to give the [Court of Federal Claims] jurisdiction."); *Glob. Freight Sys. Co. W.L.L. v. United States*, 130 Fed. Cl. 780, 787 (2017) ("[A] plaintiff not in privity with the Government may establish

15

jurisdiction [in the Court of Federal Claims] by demonstrating that it is an intended third-party beneficiary of the Government contract."). Because the Court of Federal Claims has exclusive jurisdiction over disputes concerning an express contract in which the damages sought exceed $10,000, I must dismiss Plaintiffs' third-party beneficiary claim against the USACE for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons explained in this Opinion and Order, United States' Motion to Dismiss (Dkt. 20) is **GRANTED**, and the trespass, takings, and breach of contract claims brought against the USACE are dismissed.

SIGNED on this 11th day of January 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE